1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br>950 Pennsylvania Avenue, N.W.<br>Washington, D.C.  20530<br><br>        Plaintiff,<br><br>    v.<br><br>AMAZON.COM, INC., a corporation,<br>1200 12th Avenue South, Suite 1200<br>Seattle, WA  98144<br><br>        Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 1:13-cv-00002 |

**COMPLAINT FOR CIVIL PENALTIES, INJUNCTIVE, AND OTHER RELIEF**

Plaintiff, the United States of America, acting upon the notification and authorization to the Attorney General by the Federal Trade Commission ("FTC" or "Commission"), for its complaint alleges that:

1.      Plaintiff brings this action under Sections 5(a)(1), 5(m)(1)(B), 13(b), and 16(a) of the Federal Trade Commission Act as amended ("FTC Act"), 15 U.S.C. §§ 45(a)(1), 45(m)(1)(B), 53(b), and 56(a), to obtain monetary civil penalties, injunctive, and other relief for Defendant's violations of the Textile Fiber Products Identification Act ("Textile Act"), 15 U.S.C. § 70 *et seq.*, the Rules and Regulations Under the Textile Fiber Products Identification Act, 16 C.F.R. Part 303 ("Textile Rules"), and injunctive relief for violations of Section 5(a)(1) of the Federal Trade Commission Act, 15 U.S.C. § 45(a)(1).

//

**JURISDICTION AND VENUE**

2.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1337(a), 1345, and 1355, and 15 U.S.C. §§ 45(m)(1)(B), 53(b), and 56(a).  This action arises under 15 U.S.C. § 45(a).

3.      Venue in this District is proper under 15 U.S.C. § 53(b) and 28 U.S.C. §§ 1391(b) and (c) and 1395(a).

**DEFENDANT**

4.      Defendant Amazon.com, Inc. is a Delaware corporation with its principal place of business at 1200 12th Avenue South, Suite 1200, Seattle, Washington 98144.  At all times material to this complaint, Defendant has participated in the acts and practices described in this complaint.  Defendant transacts business in this district, including through its websites, www.amazon.com, www.zappos.com, and www.6pm.com.

**COMMERCE**

5.      At all times material to this complaint, Defendant has maintained a substantial course of trade in or affecting commerce, as "commerce" is defined in Section 4 of the FTC Act, 15 U.S.C. § 44.

**DEFENDANT'S BUSINESS PRACTICES**

6.      Defendant markets and sells textile fiber products throughout the United States using its websites.

7.      Defendant sells retail textile products, which it purchases from a vendor and then resells.

8.      Defendant controls all retail sales transactions with consumers that occur on its www.amazon.com website.  Defendant processes consumer orders for each retail product, including the consumer's payment and shipping options, and then packages and ships the product purchased.  After a product has been shipped, Defendant charges the consumer's credit or debit card or deducts funds from an Amazon.com gift card.  Defendant then deposits the proceeds in its bank account.

*//*

9.     Defendant markets and sells retail textile fiber products using "product detail pages" on its websites, which typically contain photographs of the product, the product title, the price of the product, a description of the product, and other information regarding the product that may be of interest to consumers.  In numerous instances, product detail pages for retail textile fiber products include a statement of the product's fiber content.

10.     Defendant directs consumers to specific product detail pages through at least three means: (1) as a result of search queries from the consumer; (2) through general recommendations contained on its website, including on an "Amazon Green" webpage contained within or connected to its www.amazon.com website; and (3) through recommendations tailored to the recent viewing history or purchases of the individual consumer.

11.     Defendant describes the product detail pages created for its www.amazon.com website and related international websites as the "Amazon Catalog."  Defendant creates the product detail pages and owns and controls their content.  These product detail pages, which provide consumers with information regarding each textile fiber product for the purposes of selling the product to the consumer, are advertisements for each such product.

12.     Since at least February 2, 2010, in product detail page advertisements for retail textile fiber products on its websites, Defendant makes or has made various claims concerning the fiber content of those textile fiber products.

13.     On the www.amazon.com website, Defendant has claimed, without qualification, that the textile fiber in numerous retail products is "bamboo":

a.     For example, in the product description for the "Summer Infant Bamboo Crib Sheet," Defendant has claimed that the sheet is "100% Organic Bamboo."

b.     Defendant also has sold the "Scene Weavers Pickles 100% Bamboo Knit Garden Stripe Baby Blanket," which it has claimed is comprised of "100% knit bamboo." In the product features for the baby blanket, Defendant has stated, "Bamboo is one of the world's most sustainable and renewable resources and this blanket is made of **100% knit bamboo**." (emphasis added).  In the product features section of the webpage, Defendant has stated that the baby blanket is made of "Bamboo, Nylon, Spandex."

1          c.     Similarly, in the product features for the "ALO Women's Bam 2X2

2    Tank," Defendant has stated that the product is comprised of "66% Bamboo, 29% Cotton

3    5% Spandex Rib."

4        14.    In addition, since at least February 2, 2010, on its www.amazon.com website,

5    Defendant has sold retail textile fiber products labeled as "bamboo."

6        15.    For example, on March 16, 2010, the Commission purchased an "Ezekiel Girl

7    Bellona Dress" and a "Scene Weavers Pickles 100% Bamboo Knit Garden Stripe Baby Blanket"

8    from the www.amazon.com website.  Both items were purchased directly from and shipped by

9    Defendant.  The label on the plastic packaging containing the "Ezekiel Girl Bellona Dress"

10   stated that the fabric was "100% Bamboo."  The fiber content label sewn into the dress stated

11   that the fiber content was "100% Bamboo."  A hangtag attached to the dress stated that it was

12   "Produced with: -eco-friendly - sustainable - hypoallergenic bamboo fibers."  Similarly, the fiber

13   content label sewn onto the "Scene Weavers Pickles 100% Bamboo Knit Garden Stripe Baby

14   Blanket" stated that the fiber content was "100% Bamboo."  A tag attached to the ribbon tied

15   around the blanket also stated that it was "Bamboo."

16       16.    Retail textile fiber products marketed and sold by Defendant as bamboo,

17   including those described in Paragraphs 13 through 15 above, are rayon and not actual bamboo

18   fiber woven into fabric.

19       17.    Rayon is the generic name for a type of regenerated or manufactured fiber made

20   from cellulose.  Rayon is manufactured by taking purified cellulose from a plant source, also

21   called a cellulose precursor, and converting it into a viscous solution by dissolving it in one or

22   more chemicals, such as sodium hydroxide.  The chemical solution is then forced through

23   spinnerets and into an acidic bath where it solidifies into fibers.

24       18.    Many plant sources may be used as cellulose precursors for rayon fabric,

25   including cotton linters (short cotton fibers), wood pulp, and bamboo.  Regardless of the source

26   of the cellulose used, the manufacturing process involves the use of hazardous chemicals, and the

27   resulting fiber is rayon and not cotton, wood, or bamboo fiber.  *See* 40 C.F.R. Part 63 ("National

28   Emissions Standards for Hazardous Air Pollutants: Cellulose Products Manufacturing").

19.     "[H]azardous air pollutants (HAP) emitted from cellulose products manufacturing operations" include carbon disulfide, carbonyl sulfide, ethylene oxide, methanol, methyl chloride, propylene oxide, and toluene.  40 C.F.R. § 63.5480.

20.     Pursuant to the Textile Act and Rules, textile products must be labeled and advertised using the proper generic fiber names recognized or established by the Commission. Manufactured textile products composed, in whole or in part, of regenerated cellulose fiber must be labeled and advertised using a generic fiber name such as rayon.

## PRIOR COMMISSION PROCEEDINGS CONCERNING
## TEXTILE FIBER PRODUCT MISREPRESENTATIONS

21.     In August 2009, the Commission announced three settlements and one administrative action against marketers improperly labeling and advertising rayon textile products as "bamboo."  In addition to publicly announcing these cases, the Commission issued a Business Alert to remind marketers of the need to label and advertise textile products properly and to clarify that "bamboo" is not a proper generic fiber name for manufactured rayon textile fibers. The press release announcing the four cases and the Business Alert were disseminated widely throughout the marketplace.

22.     On January 27, 2010, the Commission sent Defendant a letter ("Warning Letter"), by express mail, informing Defendant that certain acts or practices in connection with the advertising and labeling of textile fiber products may violate the Textile Act and the Textile Rules and are unfair or deceptive under Section 5 of the FTC Act, 15 U.S.C. § 45(a)(1).

23.     Defendant received the Warning Letter on February 2, 2010.

24.     Enclosed with the Warning Letter was a synopsis of previous litigated decisions issued by the Commission, as well as instructions to contact Commission staff or to visit the Commission's website at http://www.ftc.gov/bamboo to obtain complete copies of the Textile Act, Textile Rules, and the Commission's Final Orders and Opinions in the proceedings described in the synopsis.

25.     As detailed in the synopsis enclosed in the Warning Letter, in a series of litigated decisions, the Commission determined, among other things, that:

1       a.     both manufacturers and sellers of textile fiber products must comply with the Textile Act and the Textile Rules, *see H. Myerson Sons, et al.*, 78 F.T.C. 464 (1971); *Taylor- Friedsam Co., et al.*, 69 F.T.C. 483 (1966); *Transair, Inc., et al.*, 60 F.T.C. 694 (1962); and

       b.     it is an unfair or deceptive act or practice to falsely or deceptively stamp, tag, label, invoice, advertise, or otherwise identify any textile fiber product regarding the name or amount of constituent fibers contained therein, *see Verrazzano Trading Corp., et al.*, 91 F.T.C. 888 (1978); *H. Myerson Sons, et al.*, 78 F.T.C. 464 (1971); *Taylor- Friedsam Co., et al.*, 69 F.T.C. 483 (1966); *Transair, Inc., et al.*, 60 F.T.C. 694 (1962).

26.     The Warning Letter also notified Defendant of its potential liability for civil penalties under Section 5(m)(1)(B) of the FTC Act, 15 U.S.C. § 45(m)(1)(B), for knowingly engaging in acts or practices determined by the Commission to be unfair or deceptive and unlawful, as described in Paragraph 25 of this Complaint.

27.     Even after receiving the Warning Letter, Defendant continued to market and sell retail rayon textile fiber products advertised and labeled as "bamboo."  As a result, on April 13, 2010, the Commission issued a civil investigative demand ("CID") to Defendant, seeking documents and information relating to its advertising, labeling, and sales of such textile products, including samples of any such products that Defendant contended were composed of actual bamboo fiber and not of rayon.  Defendant produced no such samples and has not otherwise asserted that any of the retail textile fiber products it sells are "bamboo."

28.     Despite the Commission's public announcements and the Warning Letter, Defendant continued to engage in practices, such as those described in Paragraphs 13 through 15 above.

29.     The practices described in Paragraphs 13 through 15 above are violations of the Textile Act and the Textile Rules, and are deceptive acts or practices in violation of Section 5(a)(1) of the FTC Act, 15 U.S.C. § 45(a)(1).

//

//

## VIOLATIONS OF THE TEXTILE ACT AND THE TEXTILE RULES

30.     The Textile Act governs, *inter alia*, the labeling and advertising of textile fiber products manufactured, sold, advertised, or offered for sale in commerce. *See* 15 U.S.C. § 70a.

31.     Under the Textile Act, a textile fiber product is "misbranded if it is falsely or deceptively stamped, tagged, labeled, invoiced, advertised, or otherwise identified as to the name or amount of constituent fibers contained therein."  15 U.S.C. § 70b(a).

32.     Pursuant to section 70e of the Textile Act, 15 U.S.C. § 70e(c), the Commission promulgated the Textile Rules, which state:

a.     all textile fiber products must carry affixed labels stating the recognized generic names of the constituent fibers, 16 C.F.R. §§ 303.15; 303.16(a)(1);

b.     no generic name for a manufactured fiber may be used until such generic name has been "established or otherwise recognized by the Commission," 16 C.F.R. § 303.8;

c.     "[w]ords, coined words, symbols or depictions, (a) which constitute or imply the name or designation of a fiber which is not present in the product . . . [may] not be used in such a manner as to represent or imply that such fiber is present in the product."  16 C.F.R. § 303.18. Any term used in advertising, including internet advertising, that constitutes or connotes the name or presence of a textile fiber is deemed to be an implication of fiber content, 16 C.F.R. § 303.40; and

d.     any information or representation included in advertising or labeling of a textile fiber product that is not required under the Textile Act or the Textile Rules "shall in no way be false, deceptive, or misleading as to fiber content and shall not include any names, terms, or representations prohibited by the [Textile] Act and regulations."  16 C.F.R. § 303.42(b); 16 C.F.R. § 303.41(d); *see also* 16 C.F.R. § 303.17.

33.     A violation either of the Textile Act or of the Textile Rules constitutes an unfair or deceptive act or practice in violation of the FTC Act.  *See* 15 U.S.C. §§ 70a and 70e.

//

//

**COUNT I**

34.     As set forth in Paragraphs 13 through 15, Defendant

    a.     markets and sells or has marketed and sold retail textile fiber products labeled as "bamboo;" and

    b.     advertises or has advertised the fiber content of retail textile fiber products using the terms "bamboo" and "bamboo fiber."

35.     In truth and in fact, as set forth in Paragraph 16, in numerous instances these textile fiber products are not bamboo fiber but instead rayon, a regenerated cellulose fiber.

36.     Therefore, through the means described in Paragraphs 13 through 15, Defendant has introduced, advertised, offered for sale, or sold retail textile fiber products that are mislabeled or falsely or deceptively advertised, in violation of Sections 70a and 70b of the Textile Act, 15 U.S.C. §§ 70a and 70b, and Sections 303.6, 303.8, 303.16, 303.17, 303.18, 303.33, 303.34, 303.40, 303.41, and 303.42 of the Textile Rules, 16 C.F.R. Part 303.

37.     Defendant's violations of the Textile Act and of the Textile Rules constitute deceptive acts or practices, in or affecting commerce, in violation of Section 5(a) of the FTC Act. *See* 15 U.S.C. §§ 70a and 70e.

**VIOLATIONS OF PRIOR COMMISSION DETERMINATIONS CONCERNING UNFAIR OR DECEPTIVE ACTS OR PRACTICES IN COMMERCE**

38.     Pursuant to Section 5(m)(1)(B) of the FTC Act, 15 U.S.C. § 45(m)(1)(B), if the Commission has determined in a proceeding under section 5(b) of the FTC Act, 15 U.S.C. § 45(b), that an act or practice is unfair or deceptive by issuing a final cease and desist order other than a consent order, then a person, partnership, or corporation which engages in such act or practice with actual knowledge that such act or practice is unfair or deceptive shall be liable for a civil penalty of not more than $16,000 for each violation.

39.     In prior litigated decisions, the Commission has determined that it is an unfair or deceptive act or practice to offer for sale or sell textile fiber products that are falsely or deceptively labeled as to the name or amount of constituent fiber contained therein.  The Commission also has determined that it is an unfair or deceptive act or practice to falsely or

deceptively advertise textile fiber products including, but not limited to, falsely or deceptively advertising the name or amount of constituent fiber contained within a textile fiber product. *See* Paragraph 25.

### COUNT II

40.     As set forth in Paragraphs 22 through 25, at least since receiving the Warning Letter on February 2, 2010, Defendant has had actual knowledge that offering for sale or selling falsely or deceptively labeled textile products and that falsely or deceptively advertising textile fiber products are unfair or deceptive acts or practices subject to civil penalties.

41.     As set forth in Paragraphs 13 through 15, Defendant has offered for sale and sold retail textile products labeled as "bamboo" and has represented, directly or indirectly, expressly or by implication, that certain retail textile fiber products it advertises and sells are "bamboo."

42.     In truth and in fact, as set forth in Paragraph 16, in numerous instances these retail textile fiber products are not bamboo fiber but instead rayon, a regenerated cellulose fiber.

43.     Defendant has engaged in the acts and practices described in Paragraphs 41 and 42 with the actual knowledge, as set forth in Paragraph 40, that such acts and practices have been determined by the Commission in a final cease and desist order, other than a consent order, to be unfair and deceptive under Section 5(a) of the FTC Act.  Defendant, therefore, has violated Section 5(m)(1)(B) of the FTC Act.  15 U.S.C.§ 45(m)(1)(B).

### CONSUMER INJURY

44.     Consumers have suffered and will continue to suffer substantial injury as a result of Defendant's violations.  In addition, Defendant has been unjustly enriched as a result of its unlawful acts or practices.  Absent injunctive relief by this Court, Defendant is likely to continue to injure consumers, reap unjust enrichment, and harm the public interest.

### CIVIL PENALTIES AND INJUNCTIVE RELIEF

45.     Violations of the Textile Act constitute deceptive acts or practices, in or affecting commerce, in violation of Section 5(a) of the FTC Act.  *See* 15 U.S.C. §§ 70a and 70e.  The FTC "is authorized to direct and prevent any person from violating the provisions of the [Textile Act] in the same manner, by the same means, and with the same jurisdiction, powers, and duties as

1   though all applicable terms and provisions of the [FTC Act] were incorporated" therein, and any

2   "person violating the [Textile Act] shall be subject to the penalties" provided in the FTC Act.  15

3   U.S.C. § 70e(b).

4         46.     Under Section 13(b) of the FTC Act, 15 U.S.C. § 53(b), this Court is authorized to

5   issue a permanent injunction to restrain violations of the FTC Act, as well as such ancillary relief

6   as is necessary.

7         47.     Section 5(m)(1)(B) of the FTC Act, 15 U.S.C. § 45(m)(1)(B), authorizes the

8   Court to award monetary civil penalties of not more than $16,000 for each violation of prior

9   Commission determinations concerning unfair and deceptive acts or practices in commerce, as

10  described in Paragraphs 21–29 and 40–43.

11        48.     Pursuant to Section 5(m)(1)(B) of the FTC Act, for the purpose of computing civil

12  penalties, each and every instance that Defendant has introduced, advertised, offered for sale, or

13  sold a misbranded retail textile fiber product, since February 2, 2010, constitutes an act or

14  practice that the Commission has determined in a prior proceeding to be unfair or deceptive.

15  <u>**PRAYER FOR RELIEF**</u>

16        WHEREFORE, Plaintiff, pursuant to 15 U.S.C. §§ 45(a)(1), 45(m)(1)(B), and 53(b) and

17  the Court's own equitable powers, requests that the Court:

18        1.     Enter judgment against Defendant and in favor of Plaintiff for each violation of

19  the Textile Act and the Textile Rules alleged in this complaint;

20        2.     Award Plaintiff monetary civil penalties pursuant to 15 U.S.C. § 45(m)(1)(B);

21        3.     Enter a permanent injunction to prevent future violations of the Textile Act and

22  the Textile Rules; and

23        4.     Award Plaintiff the costs of bringing this action, as well as such other and

24  additional relief as the Court may determine to be just and proper.

25

26  DATED: January 3, 2013

27

28

1  Of Counsel:                                          Respectfully submitted,

2  JAMES A. KOHM                                        STUART F. DELERY
   Associate Director for Enforcement                   Principal Deputy Assistant Attorney General
3
   ROBERT S. KAYE                                       MAAME EWUSI-MENSAH FRIMPONG
4  Assistant Director for Enforcement                   Deputy Assistant Attorney General

5  KORIN EWING FELIX                                    MICHAEL S. BLUME
   MEGAN A. BARTLEY                                     Director
6  Attorneys
   Federal Trade Commission
7  600 Pennsylvania Avenue, N.W.
   Mail Drop M-8102B
8  Washington, D.C. 20580                                 /s/ Shannon L. Pedersen
   (202) 326-3556; kewing@ftc.gov                       SHANNON L. PEDERSEN
9  (202) 326-3424; mbartley@ftc.gov                     Trial Attorney
                                                        Consumer Protection Branch
10                                                      U.S. Department of Justice
                                                        P.O. Box 386
11                                                      Washington, DC 20044
                                                        Tel: (202) 532-4490
12                                                      Fax: (202) 514-8742
                                                        Shannon.L.Pedersen@usdoj.gov
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28