UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>950 Pennsylvania Avenue, N.W.<br>Washington, DC 20530,<br><br>        Plaintiff,<br><br>        v.<br><br>AMAZON.COM, INC., a corporation,<br>1200 Twelfth Avenue South, Suite 1200,<br>Seattle, Washington 98144,<br><br>        Defendant. | Case No. 13-cv-00002 (TFH) |

STIPULATED JUDGMENT AND ORDER
FOR CIVIL PENALTIES AND INJUNCTIVE AND OTHER RELIEF

WHEREAS Plaintiff, the United States of America ("United States"), has commenced this action by filing a Complaint for civil penalties and injunctive and other relief, pursuant to Sections 5, 13, and 16 of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 45, 53, and 56, and pursuant to the Textile Fiber Products Identification Act ("Textile Act"), 15 U.S.C. § 70 *et seq.*, and the Rules and Regulations thereunder ("Textile Rules"), 16 C.F.R. § 303 *et seq.*; and

WHEREAS the United States, the Federal Trade Commission ("FTC" or "Commission") and Defendant Amazon.com, Inc. have consented to the entry of this Stipulated Judgment and Order for Civil Penalties and Injunctive and Other Relief ("Order") to resolve all matters of dispute between them in this action;

1

NOW, THEREFORE, the Court having considered the parties' request to enter the Order, it is hereby ORDERED, ADJUDGED, and DECREED as follows:

**FINDINGS**

1. This Court has jurisdiction over the subject matter of this case and jurisdiction over all parties pursuant to 28 U.S.C. §§ 1331, 1337(a), 1345, and 1355, and 15 U.S.C. §§ 45(m)(1)(B), 53(b), and 56(a).

2. Venue in the District of Columbia is proper under 15 U.S.C. § 53(b) and under 28 U.S.C. §§ 1391(b) and (c) and 1395(a).

3. The Complaint states a claim upon which relief may be granted against Defendant under Sections 5(a)(1), 5(m)(1)(B), 13(b), and 16(a) of the FTC Act, 15 U.S.C. §§ 45(a)(1), 45(m)(1)(B), 53(b), and 56(a), and under the Textile Act, 15 U.S.C. § 70 *et seq.*, and the Textile Rules, 16 C.F.R. Part 303.

4. The alleged acts and practices of Defendant are in or affecting commerce, as defined in Section 4 of the FTC Act, 15 U.S.C. § 44.

5. The Commission sent Defendant a letter dated January 27, 2010 informing Defendant that certain acts or practices in connection with the advertising of textile fiber products may violate the Textile Act and the Textile Rules and are unfair or deceptive under Section 5 of the FTC Act, 15 U.S.C. § 45(a)(1).

6. Defendant enters into this Order freely and without coercion. Defendant further acknowledges that it has read the provisions of this Order and is prepared and able to abide by them.

7. Defendant does not admit any allegations in the Complaint, except for facts necessary to establish jurisdiction. This Order is for settlement purposes only and does not constitute an admission by Defendant or a finding of fact that the law has been violated as alleged in the Complaint.

8. The parties agree that this Order resolves all allegations in the Complaint. The parties waive all rights to seek appellate review or otherwise challenge or contest the validity of this Order. Defendant further waives and releases any claims that it may have against the United States, the Commission, and any employees, representatives, or agents of either that relate to the matter stated herein, including all claims under the Equal Access to Justice Act, 28 U.S.C. § 2412, as amended by Pub. L. 104-121, 110 Stat. 847, 863–64 (1996), and any rights to attorneys' fees that may arise under said provision of law.

9. Entry of this Order is in the public interest.

## DEFINITIONS

For the purpose of this Order, the following definitions shall apply:

A. "Covered product" shall mean any or all of the following products sold by Defendant, unless Defendant does not have an ownership interest in such product and prior to the point of purchase clearly and conspicuously informs consumers that there is a third-party seller for that product: Any article of wearing apparel, costume or accessory, drapery, floor covering, furnishing, bedding, or other textile good of a type customarily used in a household, regardless of where used, that is made, in whole or in part, of yarn or fabric, or any fiber, yarn, or fabric, whether in the finished or unfinished state, used or intended for use in any such textile good, which is labeled, advertised, promoted, or offered for sale, expressly

      or by implication, including, but not limited to, through the use of a fiber trademark or other descriptive term or name for a product or product line, as bamboo, bamboo fiber, anti-microbial, anti-bacterial, or anti-fungal.

B.   "Defendant" means "Amazon.com, Inc." and its successors and assigns.

C.   "Fiber trademark" shall mean a word or words used to identify a particular fiber sold by a person and to distinguish it from fibers of the same generic class sold by others, as defined in 16 C.F.R. § 303.1(r).

D.   "FTC" or "Commission" means the Federal Trade Commission.

E.   "Generic name of any manufactured fiber" shall mean any name for a textile fiber established and defined by the Commission pursuant to Section 70e(c) of the Textile Act, as set forth in 16 C.F.R. § 303.7.

F.   "Manufactured fiber" shall mean any fiber derived by a process of manufacture from any substance which, at any point in the manufacturing process, is not a fiber, as defined in 15 U.S.C. § 70(d).

G.   "Required information" shall mean such information as is required to be disclosed on labels or invoices and in advertising under the Textile Act, 15 U.S.C. § 70 *et seq.*, and under the Textile Rules, 16 C.F.R. Part 303, as defined in 16 C.F.R. § 303.1(e).

## I. PROHIBITION ON VIOLATING THE TEXTILE ACT AND TEXTILE RULES

**IT IS HEREBY ORDERED** that Defendant, directly or through any corporation, division, or other device, in connection with the manufacturing, labeling, advertising, promotion, offering for sale, sale, or distribution of any covered product in or affecting commerce, shall not violate any provision of the Textile Act or Textile Rules, including but not limited to:

4

A.  Selling, offering for sale, or advertising in commerce any covered product that is falsely or deceptively stamped, tagged, labeled, invoiced, advertised, or otherwise identified as to the name or amount of constituent fibers contained therein. 15 U.S.C. §§ 70a, 70b.

B.  Failing to use the recognized generic name of any manufactured fiber in the required information in any labels, invoices, or advertising of any covered product. 16 C.F.R. §§ 303.6 and 303.7.

C.  Failing to include all required information on labels for any covered product, including identifying:

1.  the generic names and percentages by weight of the constituent fibers present in the covered product, in amounts of 5 percent or more and in the order of predominance, as set forth in 16 C.F.R. § 303.16(a)(1);

2.  the name or registered identification number issued by the Commission of the manufacturer or of one or more persons marketing or handling the covered product, 16 C.F.R. § 303.16(a)(2); and

3.  the name of the country where such covered product was processed or manufactured, as provided for in 16 C.F.R. § 303.33.

15 U.S.C. § 70b(b), 16 C.F.R. §§ 303.16 and 303.42(a).

D.  Failing to ensure that any fiber trademark or generic name used on the label of, or in any advertising for, any covered product:

1.  is not false, deceptive, or misleading as to fiber content; and

2.  does not indicate, directly or indirectly, that the covered product is composed wholly or in part of a particular fiber, when such is not the case.

5

16 C.F.R. §§ 303.17(d) and 303.41(d).

E. Failing to ensure that any non-required information or representations used on the label of, or in the advertising for, any covered product:

1. do not interfere with, minimize, detract from, or conflict with required information;

2. do not include any names, terms, or representations prohibited by the Textile Act or Textile Rules; and

3. are not false, deceptive, or misleading.

16 C.F.R. §§ 303.16(c) and 303.42(b).

F. Where a covered product is advertised in such manner as to require disclosure of the information required by the Textile Act and Textile Rules, failing to include all parts of the required information in immediate conjunction with each other in legible and conspicuous type or lettering of equal size and prominence.

16 C.F.R. §§ 303.40 and 303.42(a).

G. Where a fiber trademark is used in advertising a covered product, failing:

1. to include the generic name of the fiber contained in such covered product in immediate proximity to and in conjunction with such fiber trademark; and

2. to include a full disclosure of the fiber content information required by the Textile Act and Textile Rules in at least one instance in any such advertisement.

16 C.F.R. § 303.41.

    H.    Failing to ensure that any words, coined words, symbols or depictions used in the labeling or advertising of a covered product which:

        1.    constitute or imply the name or designation of a fiber;

        2.    are phonetically similar to the name or designation of a fiber; or

        3.    are only a slight variation of spelling from the name or designation of a fiber

are not used in such a manner as to represent or imply that such fiber is present in the covered product, unless such fiber is actually present in that product. 16 C.F.R. § 303.18.

    I.    Failing to maintain for at least three (3) years required records for any covered products manufactured by Defendant, including records showing the fiber content. 15 U.S.C. § 70d(b); 16 C.F.R. § 303.39.

***Provided, further***, that nothing in this Order shall prohibit Defendant from complying with the Textile Act and Textile Rules by establishing that it received and maintained in good faith a guaranty, which complies fully with Section 70h of the Textile Act, 15 U.S.C. § 70h, and with Sections 303.36–303.38 of the Textile Rules, 16 C.F.R. §§ 303.36–303.38, that such covered product is not misbranded or falsely invoiced. A guaranty shall not be received or maintained in good faith after the Defendant knows or should have known that products covered by the guaranty are or likely may be mislabeled or deceptively advertised, including after being notified by the Commission that such products are or likely may be mislabeled or deceptively advertised.

***Provided, further***, that if it is not legally possible to obtain a guaranty at the time Defendant takes an ownership interest in a covered product, and (1) Defendant does not

embellish or misrepresent claims provided by the manufacturer about a covered product, and (2) the covered product is not sold by Defendant as a private label product, then Defendant shall only be liable for a violation of this Section if it knew or should have known that the marketing or sale of the covered product would violate this Section.

***Provided, further***, that in the event the Textile Act or Textile Rules are amended or modified, nothing in this Section shall impose upon Defendant obligations that go beyond what is required under the amended or modified version of the Textile Act or Textile Rules.

## II.  SETTLEMENT PAYMENT

IT IS FURTHER ORDERED that Defendant will pay $455,000 to the Treasurer of the United States.

- A. Within five (5) days of entry of this Order, Defendant shall transfer payment in the form of an electronic fund transfer in accordance with the procedures specified by: Consumer Protection Branch, Civil Division, U.S. Department of Justice, Washington, DC 20530.

- B. In the event of any default in payment, which default continues for ten (10) days beyond the due date of payment, the entire unpaid amount, together with interest, as computed pursuant to 21 U.S.C. § 1961 from the date of default to the date of payment, shall immediately become due and payable.

- C. Defendant shall cooperate fully with the United States and the Commission and their agents in all attempts to collect the amount due pursuant to this Paragraph if Defendant fails to pay fully the amount due at the time specified herein. In such an event, Defendant agrees to provide the United States and the Commission with its federal and state tax returns for the preceding two (2) years and to complete

      standard financial disclosure forms fully and accurately within ten (10) business days of receiving a request from United States or the Commission to do so. Defendant further authorizes the United States and the Commission to verify all information provided on its financial disclosure forms with appropriate third parties, including but not limited to financial institutions.

D. In accordance with 31 U.S.C. § 7701, Defendant is hereby required, unless it has done so already, to furnish to The United States and the Commission, its taxpayer identification number (employer identification number), which shall be used for purposes of collecting and reporting on any delinquent amount arising out of Defendant's relationship with the government.

E. Defendant relinquishes all dominion, control, and title to the funds paid to the fullest extent permitted by law. Defendant shall make no claim to or demand for return of the funds, directly or indirectly, through counsel or otherwise.

F. Proceedings instituted under this Paragraph are in addition to, and not in lieu of, any other civil or criminal remedies that may be provided by law, including any other proceedings the Commission may initiate to enforce this Order.

### III. COMPLIANCE MONITORING

IT IS FURTHER ORDERED that, for the purpose of monitoring and investigating compliance with any provision of this Order:

A. Within thirty (30) days of receipt of written notice from a representative of the United States or the Commission, or else within such other period as the parties may agree, Defendant shall submit additional written reports, which are true and accurate and sworn to under penalty of perjury; produce documents for inspection

and copying; appear for deposition; and provide entry during normal business hours to any business location in Defendant's possession or direct or indirect control to inspect the business operation;

B. In addition, the United States and the Commission are authorized to use all other lawful means, including but not limited to:

   1. obtaining discovery from any person, without further leave of court, using the procedures prescribed by Fed. R. Civ. P. 30, 31, 33, 34, 36, 45, and 69; and

   2. having their representatives pose as consumers and suppliers to Defendant, its employees, or any other entity managed or controlled in whole or in part by Defendant, without the necessity of identification or prior notice; and

C. Defendant shall permit representatives of the United States and the Commission to interview any employer, consultant, independent contractor, representative, agent, or employee who has agreed to such an interview, relating in any way to any conduct subject to this Order. The person interviewed may have counsel present.

***Provided however***, that nothing in this Order shall limit the United States' or the Commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1, to obtain any documentary material, tangible things, testimony, or information relevant to unfair or deceptive acts or practices in or affecting commerce (within the meaning of 15 U.S.C. § 45(a)(1)).

## IV. COMPLIANCE REPORTING

IT IS FURTHER ORDERED that, in order that compliance with the provisions of this Order may be monitored:

    A.    For a period of five (5) years from the date of entry of this Order, Defendant shall notify the Commission of any changes in structure of Defendant or any business entity that Defendant directly or indirectly controls, or has an ownership interest in, that may affect compliance obligations arising under this Order, including but not limited to: incorporation or other organization; a dissolution, assignment, sale, merger, or other action; or a change in the business name or address, at least thirty (30) days prior to such change, *provided* that, with respect to any such change in the business entity about which Defendant learns less than thirty (30) days prior to the date such action is to take place, Defendant shall notify the Commission as soon as is practicable after obtaining such knowledge.

    B.    One hundred eighty (180) days after the date of entry of this Order, Defendant shall provide a written report to the FTC, which is true and accurate and sworn to under penalty of perjury, setting forth in detail the manner and form in which it has complied and is complying with this Order. This report shall include, but not be limited to:

        1.    A copy of each acknowledgment of receipt of this Order, obtained pursuant to the Section titled "Distribution of Order;" and

        2.    Any other changes required to be reported under Subsection A of this Section.

C. Defendant shall notify the Commission of the filing of a bankruptcy petition by such Defendant within fifteen (15) days of filing.

D. For the purposes of this Order, Defendant shall, unless otherwise directed by the Commission's authorized representatives, send by overnight courier (not the U.S. Postal Service) all reports and notifications to the Commission that are required by this Order to:

> Associate Director for Enforcement
> Bureau of Consumer Protection
> Federal Trade Commission
> 600 Pennsylvania Avenue, N.W.
> Washington, DC 20580
> RE: *United States v. Amazon.com, Inc.*, Case No. _____

*Provided* that, in lieu of overnight courier, Defendant may send such reports or notifications by first-class mail, but only if Defendant contemporaneously sends an electronic version of such report or notification to the Commission at Debrief@ftc.gov.

E. For purposes of the compliance reporting and monitoring required by this Order, the United States and the Commission are authorized to communicate directly with the Defendant.

## V. RECORDKEEPING

IT IS FURTHER ORDERED that, for a period of five (5) years from the date of entry of this Order, Defendant, in connection with the marketing and/or sale of covered products, is hereby restrained and enjoined from failing to create and retain the following records:

A. Accounting records that reflect the cost of goods or services sold, revenues generated, and the disbursement of such revenues;

B. Personnel records for each person employed by Defendant as a manager having responsibilities for Defendant's marketing or sale of textile products in any category that Defendant uses to organize its business (e.g., apparel, home, baby, etc.) accurately reflecting that person's: name, address, and telephone number; job title or position; date upon which the person commenced work; and the date and reason for the person's termination, if applicable;

C. Customer files containing the names, addresses, phone numbers, dollar amounts paid, quantity of items or services purchased, and description of items or services purchased, to the extent such information is obtained in the ordinary course of business; and

D. All records and documents necessary to demonstrate full compliance with each provision of this Order, including but not limited to, copies of acknowledgments of receipt of this Order required by the Sections titled "Distribution of Order" and "Acknowledgment of Receipt of Order" and all reports submitted to the FTC pursuant to the Section titled "Compliance Reporting."

## VI. DISTRIBUTION OF ORDER

IT IS FURTHER ORDERED that, for a period of five (5) years from the date of entry of this Order, Defendant shall deliver copies of the Order to (1) all of its managers having responsibilities for Defendant's marketing or sale of textile products in any category that Defendant uses to organize its business (e.g., apparel, home, baby, etc.); and (2) any business entity resulting from any change in structure set forth in Subsection A of the Section titled "Compliance Reporting." For current personnel, delivery shall be within thirty (30) days of service of this Order upon Defendant. For new personnel, delivery shall occur within thirty (30)

days after the person assumes his or her responsibilities. For any business entity resulting from any change in structure set forth in Subsection A of the Section titled "Compliance Reporting," delivery shall be at least ten (10) days prior to the change in structure. Defendant must secure a signed and dated statement acknowledging receipt of the Order, within thirty (30) days of delivery, from all persons receiving a copy of the Order pursuant to this Section.

## VII. ACKNOWLEDGMENT OF RECEIPT OF ORDER

IT IS FURTHER ORDERED that Defendant within five (5) business days of receipt of this Order as entered by the Court, must submit to the Commission a truthful sworn statement acknowledging receipt of this Order.

## VIII. RETENTION OF JURISDICTION

IT IS FURTHER ORDERED that this Court shall retain jurisdiction of this matter for purposes of construction, modification, and enforcement of this Order.

SO ORDERED this 11th day of January, 2013. *TFH*

_____
UNITED STATES DISTRICT JUDGE
United States District Court